NO. 07-03-0426-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 10, 2003



______________________________




IN RE BILLY L. HUGHES, RELATOR



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 By this original proceeding, relator Billy L. Hughes, an inmate proceeding pro se
and in forma pauperis, seeks a writ of mandamus to compel the Honorable Lee Waters,
Presiding Judge of the 223rd District Court of Gray County, to rule on his motion for new
trial and motion to modify and amend his divorce decree in cause number 30598. For the
following reasons, relator's petition for a writ of mandamus must be denied.

 Relator must satisfy three requirements to establish his entitlement to the issuance
of a writ of mandamus, to-wit: (1) a legal duty to perform; (2) a demand for performance;
and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). When a
motion is properly filed and pending before a trial court, the act of considering and ruling
upon the motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158
(Tex. 1992). However, the trial court has a reasonable time within which to perform that
ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San
Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is
dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426,
(Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such
as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its
docket, and other judicial and administrative duties which must be addressed. In re
Villarreal, 96 S.W.3d 708, 711 (Tex.App.-Amarillo 2003, orig. proceeding). Further, the
party requesting relief must provide a sufficient record to establish his entitlement to
mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); see also In re
Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001, orig. proceeding). By his petition,
relator alleges he filed his motions on April 21, 2003, and on August 11, 2003, he wrote
the District Clerk inquiring about the status of the motions. He further asserts that on
August 18, 2003, he was notified by the District Clerk that the trial court had not ruled on
his motions. 

 Relator's petition is not accompanied by certified or sworn copies of the motions he
filed nor by any copies of correspondence with the District Clerk. See Tex. R. App. P.
52.3(j)(1)(A) & (j)(2). Relator has not met his burden to provide a sufficient record
demonstrating that properly filed motions have awaited disposition for an unreasonable
length of time. Also, we decline to hold that the trial court's failure to rule on relator's
motions within four months of being filed constitutes an unreasonable delay. Moreover, 
relator has not established he demanded performance nor the trial court's refusal to act. 
Stoner, 586 S.W.2d at 846.

 Accordingly, relator's petition for writ of mandamus is denied.

 Don H. Reavis

 Justice

 



-align: center">PANEL C

SEPTEMBER 3, 2009

______________________________


JESSIE PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14364-0203; HONORABLE ED SELF, JUDGE

_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Jessie Perez, pled true to the State’s allegations in its Motion to Revoke
Community Supervision and was sentenced to confinement for two years and fined $2,000. 
In a single point of error, Appellant contends the trial court erred by entering a written
judgment, in conflict with the oral pronouncement of sentence, which stated in relevant part 
that “[t]he sentence in this case shall run and be satisfied before the sentence in Cause
No. B17679-0806 shall begin.” We affirm.
Background
          In March 2002, Appellant was indicted by a Hale County Grand Jury for intentionally
or knowingly possessing a controlled substance, cocaine, in the amount of less than one
gram. In May 2002, Appellant pled guilty pursuant to a plea bargain which included
deferred adjudication. In June 2002, he was sentenced to deferred adjudication and
placed on community supervision for five years with conditions and fined $1,000.
          In August 2003, the State filed a motion to proceed with an adjudication of guilt
alleging that Appellant had violated the conditions of his deferred adjudication. The trial
court held a hearing and Appellant pled true to the State’s allegations in its motion. Finding
that Appellant violated the conditions of his community supervision, the trial court found
him guilty of the offense of possession of a controlled substance as charged in the March
2002 indictment, suspended the sentence of imprisonment for two years, fined him $2,000,
and placed him on community supervision for five years with conditions.
          In August 2008, the State filed a motion to revoke his community supervision
alleging that Appellant had violated his conditions of community supervision by committing
forgery, using cocaine, failing to pay court costs, attorney’s fees ,and restitution on a
monthly basis. Appellant stipulated to the State’s allegations. 
          On September 22, 2008, the trial court held a hearing on the State’s motion and the
following exchange occurred, in pertinent part, as follows:
COURT: Next is B14364, the State versus Jessie Perez. The record will
show that the State is present by its assistant district attorney. Mr. Perez is
present together with counsel. This is a hearing on a motion to revoke
community supervision. Are the parties ready?

 
STATE: The State is ready, Your Honor.

 
DEFENSE: The defendant is present and ready, your Honor. We also have
a guilty plea. 

 
COURT: Well, we’re taking these one at a time. We’re not trying them
together.

 
DEFENSE: Yes sir. 

 
COURT: All right. Mr. Perez, in this case there’s been filed a Motion to
Revoke your probation, alleging that you violated certain rules of your
probation. Do you understand those allegations?

 
DEFENDANT: Yes, Your Honor.

 
COURT: What is your plea to those allegations? Are they true or not?

 
DEFENDANT: They’re true, Your Honor.



* * *

 
COURT: All right. Mr. Perez, based on your plea of true and the evidence
presented, I find that you have violated the terms of your probation at this
time, imposing the sentence originally imposed in this case, which was two
years confinement in a state jail facility, assess a $2,000 fine, the court costs
and attorney’s fees. Now, Mr. Perez, do you have any legal reason that
sentence should not be pronounced against you at this time?

 
DEFENDANT: No sir.



 
COURT: It’s the sentence of the Court, then, that you be confined for two
years in a state jail facility, pay a $2,000 fine, pay the court costs and
attorney’s fees incurred. With that, on this case, I will remand you to the
custody of the sheriff for the completion of that sentence. . . . Thank you. 
We’re adjourned on that case.





          Thereafter, the trial court entered an order to the sheriff indicating that Appellant had
received two years confinement in action No. B14364-0203. Also on September 22, the
trial court entered its judgment revoking Appellant’s community supervision and imposing
the punishment originally assessed in August 2003, i.e., two years confinement with a fine
of $2,000. At the end of the judgment, the trial court stated “[t]he sentence in this case
[Cause No. B14364-023] shall run and be satisfied before the sentence in Cause No.
B17679-0806 shall begin.” This appeal followed.
Discussion
          Appellant asserts the sentence orally pronounced at the hearing on September 22
conflicts with the sentence he received in the trial court’s written judgment. Because the
trial court did not indicate he would be receiving consecutive sentences at the hearing,
Appellant asserts that the final statement in the trial court’s judgment should be stricken. 
In support, Appellant cites Ex parte Madding, 70 S.W.3d 131 (Tex.Crim.App. 2002) and
Beedy v. State, 250 S.W.3d 107 (Tex.Crim.App. 2008).
          A defendant’s sentence


 must be pronounced orally in his presence. Tex. Code
Crim. Proc. Ann. art. 42.03 § 1. (a) (Vernon 2006).


 See Taylor v. State, 131 S.W.3d 497,
500 (Tex. 2004). The judgment, including the sentence assessed, is just the written
declaration and embodiment of that oral pronouncement. Art. 42.01, § 1. See Madding,
70 S.W.3d at 135. When there is a conflict between the oral pronouncement of sentence
and the sentence in the written judgment, the oral pronouncement controls. Taylor, 131
S.W.3d at 500; Thompson v. State, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003); Madding,
70 S.W.3d at 135; Coffey v. State, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998). See
Aguilar v. State, 202 S.W.3d 840, 843 (Tex.App.–Waco 2006, pet. ref’d). 
          In Madding, the trial court pronounced defendant’s sentence orally in
court–confinement for seventeen years. 70 S.W.3d at 132-33. Thereafter, the prosecutor
asked whether the trial court was going to cumulate the sentence with some other
unspecified sentence and the trial court responded: “I will let it run concurrently.” The trial
court subsequently issued a written judgment stating that the seventeen year sentence
would run consecutively to another conviction. 70 S.W.3d at 133. Relying upon the due
process clause, the Madding Court ordered that the written judgment be corrected to reflect
that the seventeen year sentence was to run concurrently with the other sentence. Id. at
136-37. 
          Unlike Madding, here, there is no conflict between the trial court’s oral
pronouncement of Appellant’s sentence and its written judgment. At the outset of the
hearing, the trial court makes clear that it is only hearing the State’s motion to revoke,
Cause No. B14364-0203. Following Appellant’s plea, the trial court sentenced Appellant
to two years confinement and a fine of $2,000–the same sentence that was originally
suspended in March 2003. The trial court made no representation whether the sentence
would run concurrent or consecutive with any other sentence. In fact, at the time sentence
was imposed, there was no other sentence for this sentence to run consecutive to or
concurrent with.


 Further, at the conclusion of the hearing, the trial court remanded
Appellant “to the custody of the sheriff for the completion of that sentence.” (Emphasis
added). The trial court was clear that Appellant would be serving two years confinement. 
The trial court’s subsequent written judgment did no more than require that he complete the
sentence he received during the hearing of Cause No. B14364-0203 before he began
serving the sentence he subsequently received in Cause No. B17679-0806.
          Likewise, Beedy, supra, is of no assistance to Appellant. In Beedy, the Court of
Criminal Appeals agreed when the court of appeals held that the trial judge erred in ordering
Beedy’s deferred adjudication community supervision term to begin after his prison
sentence was ended. 250 S.W.3d at 108, 114. Because adjudication was deferred, Beedy
had not been adjudicated guilty and therefore had not been convicted. Id. at 114. Here,
Appellant was adjudicated guilty in August 2003 and his sentence was suspended in lieu
of community supervision for five years and a $2,000 fine. 
          There being no conflict or variance between the oral pronouncement of Appellant’s
sentence and the trial court’s written judgment, Appellant’s single contention is overruled. Conclusion
 
          The trial court’s judgment is affirmed. 
          
 
                                                                           Patrick A. Pirtle 

                                                                                  Justice 

 
Do not publish.