NO. 07-04-0466-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 29, 2004



______________________________




IN RE RUBEN NARANJO BALDIVIA, RELATOR



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 By his petition for writ of mandamus, relator Ruben Naranjo Baldivia, an indigent
inmate, requests we compel the Honorable Robert W. Kincaid, Jr., Judge of the 64th
District Court of Castro County, to act on his petition for expunction of criminal records. 
Under applicable principles of law, relator's petition is denied.

 Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). To establish his
entitlement to relief, relator must satisfy three requirements:, to-wit: (1) a legal duty to
perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586
S.W.2d 843, 846 (Tex. 1979). 

 When a motion is properly pending before a trial court, the act of considering and
ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992). However the trial court has a reasonable time within which to perform that
ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San
Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is
dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426,
(Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such
as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its
docket, and other judicial and administrative duties which must be addressed. In re
Villarreal, 96 S.W.3d 708, 711 (Tex.App.-Amarillo 2003, orig. proceeding). Further, the
party requesting relief must provide a sufficient record to establish his entitlement to
mandamus relief. Walker, 827 S.W.2d at 837; see also In re Bates, 65 S.W.3d 133, 135
(Tex.App.-Amarillo 2001, orig. proceeding).

 According to his petition, relator was acquitted (offense unspecified) on April 14,
1986, and on August 7, 2000, he filed a document pursuant to article 55.02 of the Texas
Code of Criminal Procedure requesting expunction of his criminal record. Attached to his
petition for mandamus are two exhibits both entitled "Inmate Correspondence Form" dated
April 12, 2002, and July 28, 2004, from the District Clerk indicating the expunction is still
pending. Relator alleges that following the July 28 notice, on August 6, 2004, he filed a
motion requesting a hearing on his petition for expunction and complains that no action has
been taken. A certified or sworn copy of the motion complained of is not included in an
appendix to relator's petition as required by Rule 52.3(j)(1)(A) of the Texas Rules of
Appellate Procedure. 

 Relator has not met his burden to provide a sufficient record demonstrating that a
properly filed document has awaited disposition for an unreasonable length of time. We
decline to hold that the trial court's inaction on a motion pending almost three months
constitutes an unreasonable delay. Additionally, since the filing of the August 6 motion,
relator has not established he demanded performance nor that the trial court refused to act. 
Stoner, 586 S.W.2d at 846.

 Accordingly, relator's petition for writ of mandamus is denied.

 Don H. Reavis

 Justice


 



 trial court. See
Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine: (1) whether
appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal,
whether appellant is indigent and, if not indigent, whether counsel for appellant has
abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether
appellant’s present counsel should be replaced; and (4) what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss appellant’s
appeal if appellant does not desire to prosecute this appeal or, if appellant desires to
prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court
determines that the present attorney for appellant should be replaced, the court should
cause the clerk of this court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney. 
          The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law, and recommendations and cause them to
be included in a supplemental clerk’s record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter’s record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk’s record or the supplemental reporter’s record; and (5) cause the
records of the proceedings to be sent to this Court. See Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk’s
record, supplemental reporter’s record, and any additional proceeding records, including
any orders, findings, conclusions, and recommendations, are to be sent so as to be
received by the Clerk of this Court not later than November 23, 2009.  
 
                                                                           Per Curiam
Do not publish.