NO. 07-06-0370-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 13, 2006


 ______________________________



IN RE MICHAEL E. GEIGER, RELATOR


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Relator Michael E. Geiger, proceeding pro se, seeks a writ of mandamus directing
the Honorable Abe Lopez, Judge of the 108th District Court of Potter County, to hold a
hearing and rule on his motion for default judgment and motion for "request of judgment"
in a civil action. We will deny relator's petition.

 Relator alleges he filed a civil action in the 108th District Court on March 28, 2005,
and that the defendants failed to answer. He further alleges he filed a motion for default
judgment on January 6, 2006, and a "motion for request of judgment" on April 17, 2006,
neither of which were ruled on by the trial court. No certified or sworn copies of the
motions were included with the petition for writ of mandamus as required by Rule
52.3(j)(1)(A) of the Texas Rules of Appellate Procedure.

 Relator maintains the trial court abused its discretion by refusing to hear and rule
on his motions. He also asserts he has no adequate remedy by law.

 "Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law." Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to
mandamus relief in circumstances such as those presented by relator's petition, he must
satisfy three elements: first, a legal duty to perform a non-discretionary act; second, a
demand for performance; and third, refusal of that demand. Stoner v. Massey, 586
S.W.2d 843, 846 (Tex. 1979). When a motion is properly pending before a trial court, the
act of considering and ruling on the motion is a ministerial act. Eli Lilly and Co. v. Marshall,
829 S.W.2d 157, 158 (Tex. 1992). (orig. proceeding). However, the trial court has a
reasonable time within which to perform that ministerial duty. Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997) (orig. proceeding). Whether a
reasonable period of time has lapsed is dependent on the circumstances of each case. 
Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992) (orig.
proceeding).

 Additionally, the party seeking relief has the burden to provide a sufficient record to
establish entitlement to mandamus relief. Walker, 827 S.W.2d at 837. See also In re
Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001) (orig. proceeding). The record must
show the motion was presented to the trial court and it refused to act. In re Villarreal, 96
S.W.3d 708, 710 n.2 (Tex.App.-Amarillo 2003) (orig. proceeding) (filing something with the
District Clerk does not demonstrate that a motion has been brought to the trial court's
attention). 

 Relator asserts that on May 19, 2005, he inquired about his case, and the District
Clerk acknowledged the case had been docketed and submitted. He does not allege, or
demonstrate, that his motions were presented to the trial court and it refused to act on
them. We must conclude relator has not satisfied his burden to provide a sufficient record
demonstrating that a properly pending motion has awaited disposition for an unreasonable
length of time or that the trial court has refused to perform a ministerial act.

 Moreover, as noted, relator's petition for writ of mandamus does not substantially
comply with the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. For
these reasons, relator's petition for writ of mandamus is denied.


 James T. Campbell

 Justice


 



ith a 16-year-old female while serving his community supervision. And, aside
from alluding to the trial court's surprise in discovering that appellant actually raped the 15-year-old victim, we are cited to nothing suggesting that the trial court had a tendency to
retain felons on probation after they left the country without permission, engaged in
physical/sexual contact with minors contrary to court order, and otherwise violated the
terms of their probation. Furthermore, it may be that the trial court evinced surprise in
discovering the instance of forcible rape. Yet, it does not logically follow that had the
information remained unknown to the court, it would have allowed appellant to remain free. 
Nor can we escape the fact that the ten-year sentence levied was far less than the life term
that the trial court could have assessed. 

 Simply put, we are left to speculate at what would have occurred had counsel neither
introduced the file nor uttered the argument in question. And, speculation is not enough
to establish a reasonable probability that the outcome would have differed but for those
actions. Accordingly, appellant did not satisfy the burden imposed by Andrews, Bone, or
Thompson; so, we affirm the trial court's judgment.

 

 Brian Quinn

 Chief Justice


Do not publish.