NO. 07-06-0370-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 13, 2006
_____

IN RE MICHAEL E. GEIGER, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relator Michael E. Geiger, proceeding pro se, seeks a writ of mandamus directing the Honorable Abe Lopez, Judge of the 108th District Court of Potter County, to hold a hearing and rule on his motion for default judgment and motion for "request of judgment" in a civil action. We will deny relator's petition.

Relator alleges he filed a civil action in the 108th District Court on March 28, 2005, and that the defendants failed to answer. He further alleges he filed a motion for default judgment on January 6, 2006, and a "motion for request of judgment" on April 17, 2006, neither of which were ruled on by the trial court. No certified or sworn copies of the motions were included with the petition for writ of mandamus as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure.

Relator maintains the trial court abused its discretion by refusing to hear and rule on his motions. He also asserts he has no adequate remedy by law.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief in circumstances such as those presented by relator's petition, he must satisfy three elements: first, a legal duty to perform a non-discretionary act; second, a demand for performance; and third, refusal of that demand. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). (orig. proceeding). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997) (orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992) (orig. proceeding).

Additionally, the party seeking relief has the burden to provide a sufficient record to establish entitlement to mandamus relief. *Walker*, 827 S.W.2d at 837. *See also In re Bates*, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001) (orig. proceeding). The record must show the motion was presented to the trial court and it refused to act. *In re Villarreal*, 96

S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003) (orig. proceeding) (filing something with the District Clerk does not demonstrate that a motion has been brought to the trial court's attention).

Relator asserts that on May 19, 2005, he inquired about his case, and the District Clerk acknowledged the case had been docketed and submitted. He does not allege, or demonstrate, that his motions were presented to the trial court and it refused to act on them. We must conclude relator has not satisfied his burden to provide a sufficient record demonstrating that a properly pending motion has awaited disposition for an unreasonable length of time or that the trial court has refused to perform a ministerial act.

Moreover, as noted, relator's petition for writ of mandamus does not substantially comply with the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. For these reasons, relator's petition for writ of mandamus is denied.

James T. Campbell
Justice