NO. 07-06-0446-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 20, 2006

_____

IN RE RICHARD LEE GLENN, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

## ON PETITION FOR WRIT OF MANDAMUS

Relator Richard Lee Glenn, proceeding *pro se*, seeks a writ of mandamus directing the Honorable John Board, Judge of the 181st District Court of Potter County, to hold a hearing and rule on his application for writ of mandamus seeking to compel Caroline Woodburn, Potter County District Clerk, to issue citation in a civil case. We will deny relator's petition.

Relator alleges he filed a civil action in the 181st District Court on December 12, 2005, and that he sought issuance of citation through the district clerk's office. Relator alleges that he has made requests of the district clerk's office by letter on April 17th, June 7th, and August 9th of 2006. He further alleges that he has received no response from the district clerk's office and that no citations have been issued from said office. No certified or sworn copies of the application were included with the petition for writ of mandamus as

required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. Relator maintains the trial court abused its discretion by refusing to hear and rule on his motions. He also asserts he has no adequate remedy by law.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief in circumstances such as those presented by relator's petition, he must satisfy three elements: first, a legal duty to perform a non-discretionary act; second, a demand for performance; and third, refusal of that demand. See Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. See Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding). However, the trial court has a reasonable time within which to perform that ministerial duty. See Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997) (orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992) (orig. proceeding).

Additionally, the party seeking relief has the burden to provide a sufficient record to establish entitlement to mandamus relief. Walker, 827 S.W.2d at 837. See also Ex parte Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001) (orig. proceeding). The record must show the motion was presented to the trial court and it refused to act. In re Villarreal, 96

2

S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003) (orig. proceeding). Relator asserts that on September 13, 2006, he mailed his application to the trial court judge seeking the court to compel the district clerk to issue citations. However, he does not sufficiently demonstrate that his application was received by the trial judge, filed with the district clerk's office, and that the district court has refused to act on it. We must conclude relator has not satisfied his burden to provide a sufficient record demonstrating that a properly pending motion has awaited disposition for an unreasonable length of time or that the trial court has refused to perform a ministerial act.

Moreover, as noted, relator's petition for writ of mandamus does not substantially comply with the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978) (*pro se* litigants must comply with the same applicable procedural rules as counsel-represented litigants). For these reasons, relator's petition for writ of mandamus is denied.

Mackey K. Hancock
Justice