NO. 07-06-0462-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 21, 2006

_____

IN RE MICHAEL E. GEIGER, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Michael E. Geiger, proceeding pro se, seeks a writ of mandamus to compel the Honorable Abe Lopez, Judge of the 108th District Court of Potter County to hold a hearing on motions pending in his civil action and issue judgment in the case. We deny the relief sought.[1]

On March 28, 2005, Relator filed a civil suit against Donna Salana, Wayne J. Nance, and the Texas Department of Criminal Justice. According to an exhibit included with the petition for writ of mandamus, the District Clerk of Potter County notified Relator

_____

[1]By memorandum opinion dated October 13, 2006, this Court denied relator's petition for writ of mandamus against the Honorable Abe Lopez in cause number 07-06-0370-CV, by which Relator sought the same relief he seeks herein.

that his suit was filed among the records of the 108th District Court of Potter County. In his petition for writ of mandamus, Relator alleges that all defendants refused to answer his suit. He also asserts he filed a "Motion for Notice and Default Judgment" in January 2006. However, no copy of the motion is included in the exhibits accompanying the petition. A copy of a "Motion for Judgment on the Pleading," which Relator alleges he filed on April 17, 2006, is included. It is not, however, certified nor sworn, which is a mandatory requirement of Rule 52.3 (j)(1)(A) of the Texas Rules of Appellate Procedure. Also included as an exhibit to the petition is correspondence from the Potter County District Clerk dated May 19, 2005, responding to Relator's inquiry for a case history and providing the mailing address of this Court.

Relying on numerous authorities, Relator contends the trial court has violated his constitutional rights in refusing to perform the ministerial duty of hearing his motions and issuing default judgment. He maintains mandamus relief is appropriate because he has no available relief by appeal.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, Relator must satisfy three elements: first, a legal duty to perform a non-discretionary act; second, a demand for performance; and third, refusal of that demand.

*Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). (orig. proceeding). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997) (orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992) (orig. proceeding).

Additionally, the party seeking relief has the burden to provide a sufficient record to establish entitlement to mandamus relief. *Walker*, 827 S.W.2d at 837. See also *In re Bates*, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001) (orig. proceeding). The record must show the motion was presented to the trial court and that it refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003) (orig. proceeding) (filing something with the District Clerk does not demonstrate that a motion has been brought to the trial court's attention).

The scant record before us does not demonstrate that Relator presented his motions to the trial court and that it refused to act. We conclude he has not satisfied his burden to provide a sufficient record demonstrating that a properly filed motion has awaited disposition for an unreasonable length of time nor that the trial court has refused to perform a ministerial act. Additionally, Relator did not substantially comply with the requirements

3

of Rule 52.3 of the Texas Rules of Appellate Procedure. See *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) (noting that litigants who represent themselves must comply with the applicable procedural rules or they would be given an unfair advantage over litigants represented by counsel).

Consequently, Relator's petition for writ of mandamus is denied.


Patrick A. Pirtle
Justice