NO. 07-06-0462-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 21, 2006



______________________________




IN RE MICHAEL E. GEIGER, RELATOR



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Relator, Michael E. Geiger, proceeding pro se, seeks a writ of mandamus to compel
the Honorable Abe Lopez, Judge of the 108th District Court of Potter County to hold a
hearing on motions pending in his civil action and issue judgment in the case. We deny
the relief sought. (1)

 On March 28, 2005, Relator filed a civil suit against Donna Salana, Wayne J.
Nance, and the Texas Department of Criminal Justice. According to an exhibit included
with the petition for writ of mandamus, the District Clerk of Potter County notified Relator
that his suit was filed among the records of the 108th District Court of Potter County. In
his petition for writ of mandamus, Relator alleges that all defendants refused to answer his
suit. He also asserts he filed a "Motion for Notice and Default Judgment" in January 2006. 
However, no copy of the motion is included in the exhibits accompanying the petition. A
copy of a "Motion for Judgment on the Pleading," which Relator alleges he filed on April 17,
2006, is included. It is not, however, certified nor sworn, which is a mandatory requirement
of Rule 52.3 (j)(1)(A) of the Texas Rules of Appellate Procedure. Also included as an
exhibit to the petition is correspondence from the Potter County District Clerk dated May
19, 2005, responding to Relator's inquiry for a case history and providing the mailing
address of this Court.

 Relying on numerous authorities, Relator contends the trial court has violated his
constitutional rights in refusing to perform the ministerial duty of hearing his motions and
issuing default judgment. He maintains mandamus relief is appropriate because he has
no available relief by appeal.

 "Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law." Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to
mandamus relief, Relator must satisfy three elements: first, a legal duty to perform a non-discretionary act; second, a demand for performance; and third, refusal of that demand. 
Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly pending
before a trial court, the act of considering and ruling on the motion is a ministerial act. Eli
Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). (orig. proceeding). However,
the trial court has a reasonable time within which to perform that ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997) (orig.
proceeding). Whether a reasonable period of time has lapsed is dependent on the
circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston
[1st Dist.] 1992) (orig. proceeding).

 Additionally, the party seeking relief has the burden to provide a sufficient record to
establish entitlement to mandamus relief. Walker, 827 S.W.2d at 837. See also In re
Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001) (orig. proceeding). The record must
show the motion was presented to the trial court and that it refused to act. In re Villarreal,
96 S.W.3d 708, 710 n.2 (Tex.App.-Amarillo 2003) (orig. proceeding) (filing something with
the District Clerk does not demonstrate that a motion has been brought to the trial court's
attention). 

 The scant record before us does not demonstrate that Relator presented his
motions to the trial court and that it refused to act. We conclude he has not satisfied his
burden to provide a sufficient record demonstrating that a properly filed motion has awaited
disposition for an unreasonable length of time nor that the trial court has refused to perform
a ministerial act. Additionally, Relator did not substantially comply with the requirements
of Rule 52.3 of the Texas Rules of Appellate Procedure. See Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978) (noting that litigants who represent themselves
must comply with the applicable procedural rules or they would be given an unfair
advantage over litigants represented by counsel).

 Consequently, Relator's petition for writ of mandamus is denied.


 Patrick A. Pirtle

 Justice

1. By memorandum opinion dated October 13, 2006, this Court denied relator's
petition for writ of mandamus against the Honorable Abe Lopez in cause number 07-06-0370-CV, by which Relator sought the same relief he seeks herein. 


r direct the trial court
to appoint counsel to prosecute the appeal and to order that a record of the trial court
proceedings be provided to appellant free of charge. If appointed, the name, address,
telephone number, fax number, and state bar number of the counsel who will represent
appellant on appeal must also be included in the trial court's findings of fact and
conclusions of law. 

 Additionally, the trial court shall have prepared: (1) a supplemental clerk's record
containing the findings of fact and conclusions of law and each order it issued as a result
of the hearing of this matter and, (2) a reporter's record transcribing the evidence and
argument presented at the hearing on this matter. The trial court shall have the
supplemental clerk's record filed with the clerk of this Court on or before November 20,
2007. Should additional time be required to perform these tasks, the trial court may
request same on or before November 20, 2007.

 It is so ordered.


 Per Curiam

Do not publish. 



1. Tex. Code Crim. Proc. Ann. art. 26.04(m) (Vernon Supp. 2006).