NO. 07-08-0096-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 27, 2008

_____

IN RE DEWEY MACK EVANS, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Dewey Mack Evans, has filed a petition for writ of mandamus seeking to compel the Honorable Hal Miner, Judge of the 47th District Court of Randall County, Texas, to appoint counsel to represent him in his appeal in Cause Number 07-07-0377-CR. We deny the request.

Evans was convicted of aggravated kidnapping, enhanced, in Cause Number 19,095-A. The trial court signed an order appointing James E. Wooldridge to represent him during trial. Following Evans's conviction for the charged offense, Wooldridge filed a notice of appeal in this Court. In October 2007, Evans filed a *pro se* Motion for Abatement

of Appeal in this Court.[1]  By letter dated October 30th, this Court notified Evans that Wooldridge was his attorney of record in his direct appeal and that no further action on future *pro se* filings would be taken.

Evans has now filed an original proceeding accompanied by two exhibits–Exhibit A, which is a Request for Appointment of Counsel and Exhibit B, which is a letter from Wooldridge to Evans, dated October 30, 2007, which Evans categorizes as a "nonrepresentation notice" per Rule 6.4 of the Texas Rules of Appellate Procedure.  Evans alleges he filed Exhibit A with the trial court on January 7, 2008; it does not, however, bear a file stamp.  Exhibit B provides in part:

> since the Court has still not appointed an appellate attorney for you (in anticipation of your retention of such counsel), technically I still represent you.  The issue will not come to a head until such time as the reporter's record has been filed (presently due December 14th), triggering the deadline for filing the brief on your behalf.  At such time, if I still have not been retained by you, the Court will appoint your counsel.  If you still desire to retain me, please inform your agent(s) that I will have to be paid in full by December 14th.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law."  *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of*

---

[1]According to Evans's *Motion for Abatement of Appeal,* he requested that the trial court appoint Wooldridge to represent him on appeal, which the trial court denied.  No explanation is provided for the trial court's ruling.  The motion continues that Evans made other arrangements to retain Wooldridge as his counsel.

*Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must (1) show that he has no adequate remedy at law to redress the alleged harm and (2) the act sought to be compelled is ministerial and does not involve a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003). A relator must also demonstrate entitlement to mandamus relief by showing (1) a legal duty to perform; (2) a demand for performance; and (3) refusal of that demand. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to

3

mandamus relief.  *See Walker*, 827 S.W.2d at 837.  *See also In re Bates*, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding).

Evans alleges he filed his Request for Appointment of Counsel with the trial court on January 7, 2008.  His petition for writ of mandamus was filed in this Court on February 25, 2008.  We acknowledge that a trial court has a duty to consider and resolve motions within a reasonable time.  However, less than two months have lapsed since Evans filed his request.  Furthermore, Evans has failed to show that the request has been brought to the attention of the trial court and that it refused to act.  *See In re Villarreal*, 96 S.W.3d at 710 n.2.

Moreover, an attorney appointed to represent an indigent defendant at trial remains as the attorney of record until the appeal is exhausted or the attorney is relieved of his duties by the trial court or replaced by other counsel.  Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon 2005).  In a criminal case, an attorney appointed by the trial court to represent an indigent party cannot file a Nonrepresentation Notice.  *See* Tex. R. App. P. 6.4(b).

There is nothing in the clerk's record in Cause Number 07-07-0377-CR to reflect that Wooldridge has been relieved of his duties by the trial court or replaced by other counsel.  Additionally, Wooldridge has continued to represent Evans on appeal and has filed two motions for extensions of time in which to file a brief in Evans's behalf.  The current deadline in which to file the brief is March 12, 2008.  Without an order from the trial

4

court relieving Wooldridge as Evans's appointed counsel, he remains the attorney of record in Evans's direct appeal and is expected to file Evans's brief on or before March 12, 2008. Evans has not demonstrated he is without an adequate remedy at law as he is already represented by counsel on appeal.

Consequently, Evans's petition for writ of mandamus is denied.

Per Curiam