NO. 07-08-0271-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2008

_____


IN RE BOBBY DEON POLK, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original proceeding, Relator, Bobby Deon Polk, seeks a writ of mandamus against the Honorable Tom A. Neely, deceased, and former judge of the 46th District Court of Wilbarger County, and Nathaniel Quarterman, Director of the Texas Department of Criminal Justice. Relator contends that Judge Neely failed to issue a writ of habeas corpus. He presents numerous complaints against Judge Neely stemming from a 1996 conviction for unlawful possession of a controlled substance. Although named as a respondent, no allegations are made against Quarterman in Relator's petition for writ of mandamus. For the reasons expressed herein, we deny Relator's petition.

According to exhibits accompanying Relator's petition, he executed an application for a writ of habeas corpus on May 12, 2008, which was filed by the District Clerk of

Wilbarger County on May 19, 2008. The crux of his complaints are that at the time he committed the offense for which he was convicted and sentenced to eleven years confinement, he was entitled to mandatory supervision. He also complains that his sentence, which included twenty-two days back time, was improperly calculated as it did not include credit for "street time."

Given Judge Neely's passing more than a year ago, we find that Relator's petition for writ of mandamus against him is rendered moot. As no allegations are made against Quarterman, we likewise render Relator's petition moot in that respect.

We acknowledge that Rule 7.1(a)(1) of the Texas Rules of Appellate Procedure provides that upon the death of a party in a civil case the appeal may proceed as if all parties are alive. However, the rule applies to cases in which a trial court has rendered judgment and there has been no final disposition of an appeal. This is an original proceeding without a trial court having rendered judgment. We decline to apply subparagraph (a)(1). Additionally, Rule 7.1(b) provides for substitution of a party but only for reasons other than death. Thus, it does not apply either.

We further acknowledge that, when a public officer is a party in an official capacity, Rule 7.2 of the Texas Rules of Appellate Procedure provides for the automatic substitution of that officer's successor when the named party ceases to hold office before the original proceeding is finally disposed. Likewise, we acknowledge that in cases involving an original proceeding under Rule 52, Rule 7.2(b) mandates that this Court abate the

proceeding to allow the successor to reconsider the *original party's decision*. (Emphasis added). Given the fact that Judge Neely never considered Relator's petition in the first place, we also find Rule 7.2(b) to be inapposite.

When a petition for writ of mandamus is filed, the relator has the burden to show entitlement to the relief sought. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig proceeding). A relator must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). A court is not required to consider a motion not called to its attention. *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied). Showing that a motion was filed with the clerk does not constitute proof that the motion was presented or brought to the trial court's attention with a request for a ruling. *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding).

Assuming a motion is properly pending before a trial court, the act of considering and ruling upon it is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding).

Relator's application for a writ of habeas corpus was filed on May 19, 2008. Assuming, arguendo, that Relator's application was presented or brought to the attention

of the Honorable Dan Mike Byrd, current judge of the 46th District Court of Wilbarger County, we conclude that a reasonable period of time in which to rule on the application has not passed.  The limited record before us does not show entitlement to the relief Relator seeks.

Consequently, Relator's petition for writ of mandamus is denied.


Patrick A. Pirtle
Justice

4