NO. 07-11-0499-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 11, 2012

_____

IN RE RICHARD DAVID JONES, RELATOR

_____


ORIGINAL PROCEEDING
ARISING OUT OF PROCEEDINGS BEFORE THE 181ST DISTRICT COURT
OF RANDALL COUNTY; NO. 20,556-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Pending before this Court is an application for writ of mandamus filed by Relator, Richard David Jones, an inmate proceeding *pro se* and *in forma pauperis.* By his application, Relator seeks to compel this Court to order the Honorable John Board to rule on his *Motion to Vacate or Dissolve Order to Seize Assets for Costs of Court* he allegedly filed on October 13, 2011. For the reasons expressed herein, we deny Relator's request for mandamus relief.

According to the documents included with Relator's application, on June 24, 2009, he was convicted of driving while intoxicated, enhanced, and sentenced to fifteen years confinement and assessed a fine of $2,000. On November 23, 2009, he was notified by letter from the Randall County Judicial Enforcement Department that the trial court had entered an *Order to Seize Assets for Costs of Court* pursuant to section 501.014(e) of the Texas Government Code.[1] Although the letter purports to include a copy of the order, Relator maintains he has never been provided with a copy of the order and "has no knowledge of the actual language that is contained in the trial court's order that was sent to the TDCJ-ID Inmate Trust Fund . . . ."[2] The letter did include a *Bill of Costs* for $2,815.00.

In response to the order to seize his inmate funds, Relator filed his *Motion to Vacate or Dissolve Order to Seize Assets for Costs of Court.* Although the copy of the motion provided to this Court does not bear a file-stamp, Relator contends the motion was filed on October 13, 2011. By letter dated October 26, 2011, Relator requested the Randall County District Clerk to present his motion to the trial court for a ruling. Relator has not received a ruling prompting him to pursue mandamus relief.

---

[1]Section 501.014(e) describes the process for collecting costs ordered by the trial court as "notification by a court" directing prison officials to withdraw sums from an inmate's account in accordance with a schedule of priorities set by the statute. *See* Tex. Gov't Code Ann. § 501.014(e) (1)-(6). *See also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009).

[2]Although Rule 52.3(k)(1)(A) of the Texas Rules of Appellate Procedure requires that a petition for writ of mandamus include an appendix with a "certified or sworn copy of any order complained of," Relator's allegation has prevented him from providing this Court with a copy of the order. He has, however, complied with the other requirements of Rule 52.3.

**Mandamus Standard of Review**

Mandamus relief is extraordinary. *In re Southwestern Bell Telephone Co.*, *L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding.) "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

**Analysis**

In support of his request for mandamus relief, Relator treats the seizure order as a garnishment proceeding by relying on, among other authorities, Rule 664a of the Texas Rules of Civil Procedure.[3] A withdrawal notification issued pursuant to section 501.014(e), however, is not a garnishment proceeding; rather, the notification triggers the withdrawal of funds from an inmate account, serves as notice of the collection proceeding and continues to operate unless and until the inmate takes action causing the notification to be withdrawn. *See Williams v. State*, 332 S.W.3d 694, 697 n.2 (Tex.App.--Amarillo 2011, pet. denied). Additionally, the Texas Supreme Court has determined that an inmate has been accorded constitutional due process by receiving notice of the withdrawal and an opportunity to contest the dollar amount and statutory

---

[3]Rule 664a provides in part that a party may by sworn, written motion seek to vacate a writ of garnishment. The Rule further provides that unless the parties agree to an extension of time, that motion shall be heard promptly and determined not later than ten days after being filed. Tex. R. Civ. P. 664a.

basis of the withdrawal. *Harrell v. State*, 286 S.W.3d 315, 320 (Tex. 2009). The disposition of an inmate's motion challenging the withdrawal of funds from his inmate account creates an appealable order. *Ramirez v. State*, 318, S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.).

When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997) (orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992) (orig. proceeding). Other factors include the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003) (orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. *See also In re Bates*, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001) (orig. proceeding).

Relator has established that he has a pending motion in the trial court and has corresponded with the Randall County District Clerk to bring the motion to the trial court's attention. He has not provided information regarding other influential factors relevant to whether mandamus will lie. Additionally, less than three months have lapsed since the filing of the motion. Based upon these facts, we cannot conclude that Relator

4

has awaited disposition of his motion for an unreasonable period of time or that the trial court has refused to perform a ministerial act.

## Conclusion

Accordingly, Relator's application for mandamus relief is denied.

Patrick A. Pirtle
Justice