NO. 07-12-0407-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 9, 2012
_____

IN RE RICHARD E. GAMBLES, RELATOR
_____

ORIGINAL PROCEEDING
ARISING OUT OF PROCEEDINGS BEFORE THE 364TH DISTRICT COURT
OF LUBBOCK COUNTY; NOS. 96-422700 & 96-422701;
HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Richard E. Gambles, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the "Judge of Presiding Court" and "Clerk" to file, process and rule on a motion for chapter 64 forensic DNA testing.[1]  For the reasons expressed herein, we deny Relator's request for relief.  He contends he submitted a motion for DNA testing on September 17, 2012 and asserts that over thirty days has passed without obtaining a ruling.  The date of this opinion disputes his contention.

---

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (WEST SUPP. 2012).

## MANDAMUS STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)) (orig. proceeding).

## ANALYSIS

Initially, we address Relator's failure to comply with all of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. *See generally* Tex. R. App. P. 52.3(a)–(k). Most importantly, he has failed to name a respondent. *See* Tex. R. App. P. 52.3(a) & (d)(2). We deduce that the respondent is the Honorable Bradley S. Underwood from copies of correspondence dating back to 2002 which are included as exhibits to his petition. Relator has also failed to include a certified or sworn copy of the motion for DNA testing with his petition as required by Rule 52.3(k)(1)(A). A party proceeding *pro se* is not exempt from complying with rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Relator has not provided this Court with a sufficient record to determine whether he is entitled to mandamus relief against a judge. *See Walker*, 827 S.W.2d at 837. *See also In re Bates*, 65 S.W.3d 133, 135 (Tex.App.—Amarillo 2001, orig. proceeding).

Assuming, arguendo, that Relator's petition substantially complied with Rule 52.3, not enough time has lapsed from the time the motion was allegedly filed to

2

demand a ruling. When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426, (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding).

### MANDAMUS PROCEEDING AGAINST A DISTRICT CLERK

This Court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(b) (WEST 2004). In order for a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex.App.—San Antonio 1998, no pet.). Relator has not demonstrated that the exercise of our mandamus authority against an unnamed district clerk is appropriate to enforce our jurisdiction. Consequently, we have no jurisdiction to entertain Relator's request.

### CONCLUSION

Relator's petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice

3