**ELI LILLY AND COMPANY,
et al., Relators,**

v.

**The Honorable John MARSHALL,
Judge, Respondent.**

**No. D–1827.**

Supreme Court of Texas.

April 29, 1992.

**158**

Robert G. Hogue, Mark E. Smith, Dallas, Joe C. Freeman, Jr., Atlanta, Ga., Wade C. Smith, Dallas, John L. Hill, Houston, for relators.

Paul L. Smith, Dallas, for respondent.

PER CURIAM.

In this products liability suit, plaintiffs requested discovery of documents relating to the drug Prozac. Defendants filed a motion with the trial court seeking an order limiting the disclosure of certain of these documents under Rule 76a of the Texas Rules of Civil Procedure, based upon a claim of trade secret. At the hearing on the motion, the application of Rule 76a to trade secrets was disputed, and the trial court declined to consider the merits of this claim.

■ Although the rule's definition of "court records" excludes "discovery in cases originally initiated to preserve bona fide trade secrets or other intangible property rights," Tex.R.Civ.P. 76a(2)(c), it does not mean that access to trade secrets cannot be limited in other types of litigation. Regardless of the cause of action, a properly proven trade secret is an interest that should be considered in making the determination required by Rule 76a. If the trial court determines the documents are "court records" within the meaning of the rule, it must decide whether any specific, serious, and substantial interest, including a trade secret interest, has been established that justifies restricting access to the documents in question.

■ The defendants filed a motion for leave to file a petition for writ of mandamus in this court, and plaintiffs responded as the interested parties. The court determines that the writ of mandamus should conditionally issue because the trial court abused its discretion by refusing to conduct a hearing and render decision on the motion in compliance with Rule 76a. *See Texas State Bd. of Examiners in Optometry v. Carp*, 388 S.W.2d 409, 417 (Tex.1965) (writ will issue to compel trial court to proceed to judgment). Having reached this conclusion, the court expresses no opinion on any aspect of the merits of the relators' motion under Rule 76a.

We conditionally grant the writ of mandamus without oral argument pursuant to Rules 122 and 170 of the Texas Rules of Appellate Procedure. The Fourteenth District Court in and for Dallas County should hear and render decision on the relators' motion in compliance with Rule 76a. Relators shall give notice of the hearing and file a verified copy of the notice as required by Rule 76a(3). Any party aggrieved by the trial court's decision, finding, or failure to find made pursuant to Rule 76a, including the decision whether the document is a "court record" as that term is defined by the rule, may seek review by interlocutory appeal. Tex.R.Civ.P. 76a(8). Writ will issue only should the trial court fail to comply with these directives.