NO. 07-00-0270-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 12, 2001



______________________________




GLENDA JOHNSON, AS NEXT


FRIEND OF C.C., A MINOR CHILD, APPELLANT


CHILDREN'S HOME OF LUBBOCK


AND FAMILY SERVICE AGENCY, INC., A/K/A 


CHILDREN'S HOME OF LUBBOCK, INC., INTERESTED PARTY



V.



INSURANCE COMPANY OF EVANSTON, APPELLEE




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 98-503,381; HONORABLE MACKEY K. HANCOCK, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 On October 30, 2001, the appellant filed an unopposed Motion to Dismiss Appeal
averring that the parties have resolved the issues and agree that the appeal should be
dismissed.

 Without passing on the merits of the case, the appellant's unopposed Motion to
Dismiss Appeal is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.1(a)(1). 
No order pertaining to costs is hereby made as all costs have been paid. Having
dismissed the appeal at the appellant's request and because the appellee is not opposed
to such a request, no motion for rehearing will be entertained and our mandate will issue
forthwith. 


 Phil Johnson

 Justice




Do not publish.



 586
S.W.2d 843, 846 (Tex. 1979). When a motion is properly pending before a trial court, the
act of considering and ruling on the motion is a ministerial act. Eli Lilly and Co. v. Marshall,
829 S.W.2d 157, 158 (Tex. 1992). (orig. proceeding). However, the trial court has a
reasonable time within which to perform that ministerial duty. Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997) (orig. proceeding). Whether a
reasonable period of time has lapsed is dependent on the circumstances of each case. 
Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992) (orig.
proceeding).

 Additionally, the party seeking relief has the burden to provide a sufficient record to
establish entitlement to mandamus relief. Walker, 827 S.W.2d at 837. See also In re
Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001) (orig. proceeding). The record must
show the motion was presented to the trial court and it refused to act. In re Villarreal, 96
S.W.3d 708, 710 n.2 (Tex.App.-Amarillo 2003) (orig. proceeding) (filing something with the
District Clerk does not demonstrate that a motion has been brought to the trial court's
attention). 

 Relator asserts that on May 19, 2005, he inquired about his case, and the District
Clerk acknowledged the case had been docketed and submitted. He does not allege, or
demonstrate, that his motions were presented to the trial court and it refused to act on
them. We must conclude relator has not satisfied his burden to provide a sufficient record
demonstrating that a properly pending motion has awaited disposition for an unreasonable
length of time or that the trial court has refused to perform a ministerial act.

 Moreover, as noted, relator's petition for writ of mandamus does not substantially
comply with the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. For
these reasons, relator's petition for writ of mandamus is denied.


 James T. Campbell

 Justice