NO. 07-02-0105-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 8, 2002

_____

IN RE ERASMO GONZALES, RELATOR

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this original proceeding, relator Erasmo Gonzales, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Judge of the 69th District Court to set a hearing and rule on his "motion for leave to file for a writ of mandamus" against the District Clerk of Dallam County. For the reasons expressed herein, the petition for writ of mandamus must be denied.

Initially, we note that a *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. Holt v. F. F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, no pet.). An original proceeding filed in this Court must comply with the requirements of Rule 52 of the Texas Rules of Appellate Procedure. Relator's petition is lacking in most of the mandatory

requirements. Most importantly, it does not contain an appendix with a certified or sworn copy of the document showing the matter complained of, *i.e.*, his motion for leave to file a writ of mandamus against the District Clerk of Dallam County.

When a motion is properly filed and pending before a trial court, the act of considering and ruling on that motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157 (Tex. 1992). However, the record before us consists only of relator's deficient "motion for leave to file for writ of mandamus." Relator has not established that after he filed his motion he requested a hearing and was refused one, nor that he took any action to alert the trial court that his motion had not yet been considered. *See* Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks. *Id.*

Accordingly, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice

Do not publish.