NO. 07-03-0426-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 10, 2003

_____

IN RE BILLY L. HUGHES, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

By this original proceeding, relator Billy L. Hughes, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Lee Waters, Presiding Judge of the 223rd District Court of Gray County, to rule on his motion for new trial and motion to modify and amend his divorce decree in cause number 30598. For the following reasons, relator's petition for a writ of mandamus must be denied.

Relator must satisfy three requirements to establish his entitlement to the issuance of a writ of mandamus, to-wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly filed and pending before a trial court, the act of considering and ruling

upon the motion is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. In re Villarreal, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); *see also* In re Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding). By his petition, relator alleges he filed his motions on April 21, 2003, and on August 11, 2003, he wrote the District Clerk inquiring about the status of the motions. He further asserts that on August 18, 2003, he was notified by the District Clerk that the trial court had not ruled on his motions.

Relator's petition is not accompanied by certified or sworn copies of the motions he filed nor by any copies of correspondence with the District Clerk. *See* Tex. R. App. P. 52.3(j)(1)(A) & (j)(2). Relator has not met his burden to provide a sufficient record demonstrating that properly filed motions have awaited disposition for an unreasonable

2

length of time.  Also, we decline to hold that the trial court's failure to rule on relator's motions within four months of being filed constitutes an unreasonable delay.  Moreover, relator has not established he demanded performance nor the trial court's refusal to act. *Stoner*, 586 S.W.2d at 846.

Accordingly, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice