NO. 12-05-00415-CV
IN THE COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT
TYLER, TEXAS
§
IN RE: SUSAN VON HOHN,                           §     ORIGINAL PROCEEDING
RELATOR
§





MEMORANDUM OPINION
            In this original mandamus proceeding, Susan Von Hohn complains that the Honorable
Robin D. Sage, Judge of the 307th Judicial District Court of Gregg County, Texas, abused her
discretion by refusing to order production of certain documents. For the reasons set forth below, we
deny Susan’s petition.

Availability of Mandamus
            Mandamus will issue to correct a discovery order when the mandamus record establishes that
the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998). A trial court abuses its discretion when
it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference
to guiding rules and principles. Id. Mandamus relief may be justified when (1) the appellate court
would not be able to cure the trial court’s discovery error; (2) the party’s ability to present a viable
claim or defense is severely compromised or vitiated by the erroneous discovery ruling; or (3) the
trial court’s discovery order disallows discovery that cannot be made a part of the appellate record.
Walker v. Packer, 827 S.W.2d 833, 843-44 (Tex. 1992). The party seeking the writ of mandamus
has the burden of showing that the trial court abused its discretion. In re E. Tex. Med. Ctr. Athens,
154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding).

Background
            In the underlying proceeding, Susan seeks a divorce from her husband, Edward Von Hohn. 
Edward is a partner in the law firm of Nix, Patterson, and Roach, L.L.P. (“NPR”). For the purpose
of valuing Edward’s interest in NPR, Susan has requested the production of certain documents (the
“documents”) pertaining to NPR’s pending cases, unfiled cases, and cases settled within the previous
three years. Edward filed a motion for protective order asserting the attorney-client privilege.
            After a hearing on Edward’s motion, the trial court signed an order appointing a master in
chancery. In compliance with the order, the master reviewed certain information relating to NPR’s
practice and its pending, filed, and recently settled cases. The master then filed a report with the trial
court and provided copies to the parties. Approximately two months later, on Susan’s motion, the
trial court scheduled a pretrial conference. In the motion, Susan requested the trial court “clarify its
prior order with respect to the cou[r]t appointed master prior to mediation.” 
            Both parties presented testimony at the pretrial conference. James Penn, a certified public
accountant whom Susan had retained as an expert, testified about Susan’s need for the documents. 
Edward and his law partner, Nelson Roach, testified about matters such as the nature of NPR’s
practice, the need to preserve client confidentiality in complying with Susan’s discovery requests,
and Edward’s interest in NPR. Ultimately, the trial court entered an order that provided, in pertinent
part, as follows:
 
The court finds that [Susan] has requested the following documents be provided either to
[Susan’s] expert witness or to the Master . . . :
 
                            . . . .
 
(3)Schedule of all pending cases that have not been filed.
 
                            (4)         Original and Amended Pleadings for all cases that have been filed.
 
(5)Copies of all contracts and referral agreements relating to the filed and unfiled cases
scheduled above.
 
                            (6)         Copies of all settlement sheets for all cases settled for the previous three years.
 
. . . .
 
The court finds that there has been no showing that the [sic] utilizing historical
earnings of the law firm for a valuation would not be accurate, nor any showing that unfiled
cases would make a material change in the income stream of the law firm. The request to
expand the role of the Master to do further review of unfiled cases is denied.
 
. . . .
 
To the extent that any other request contained in the Motion for Pre-Trial
Conference is not expressly referenced herein, it is denied.
 
The motion included no request other than for the trial court to clarify its prior order appointing the
master.
Analysis
            A petition filed in an original proceeding must be accompanied by an appendix that contains
a certified or sworn copy of any order complained of. Tex. R. App. P. 52.3(j)(A). In the absence of
a written order, the appendix may include any other document showing the matter complained of. 
Id. The appendix filed with Susan’s petition includes a copy of the above-quoted order, which was
entered after the pretrial conference. This order relates only to Susan’s request to expand the
authority of the master and does not deny the requested discovery. When questioned at oral
argument, Susan’s counsel conceded that the order does not deny Susan’s requests for production. 
Nonetheless, counsel argued, the trial court’s comments at the pretrial conference indicated that if
Susan filed a motion to compel production of the documents, the motion would be denied. Thus,
counsel concluded, no written order denying Susan’s requests for production is necessary for this
Court to issue a writ of mandamus. We have reviewed the record of the pretrial conference and see
nothing from which we can conclude, or even infer, that the trial court either denied the requested
production or communicated its intent to do so if a motion to compel were filed. Consequently,
Susan has not complied with Rule 52.3(j)(A). 
            Moreover, Susan has not provided any motion to this Court in which she asked the Court to
rule on the discoverability of the documents. It is well established that when a motion is properly
filed and pending before a trial court, the act of giving consideration to and ruling upon that motion
is a ministerial act. See Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). An abuse
of discretion occurs where a properly filed motion has been brought to the attention of the trial court
and the trial court refuses to rule on the motion within a reasonable time. In re Chavez, 62 S.W.3d
225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It logically follows that where no motion
has been properly filed, the trial court’s duty to rule does not arise. Therefore, the failure to rule in
the absence of a properly filed motion cannot constitute an abuse of discretion.
Conclusion
            Susan has failed to show that the trial court denied her requests for production or that the trial
court abused its discretion by failing to rule on whether the documents must be produced. 
Accordingly, the petition for writ of mandamus is denied. Our stay of December 30, 2005 is lifted.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered January 18, 2006.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.









(PUBLISH)