NO. 07-08-0271-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2008

______________________________


IN RE BOBBY DEON POLK, RELATOR

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â By this original proceeding, Relator, Bobby Deon Polk, seeks a writ of mandamus
against the Honorable Tom A. Neely, deceased, and former judge of the 46th District Court
of Wilbarger County, and Nathaniel Quarterman, Director of the Texas Department of
Criminal Justice. Relator contends that Judge Neely failed to issue a writ of habeas
corpus. He presents numerous complaints against Judge Neely stemming from a 1996
conviction for unlawful possession of a controlled substance. Although named as a
respondent, no allegations are made against Quarterman in Relatorâs petition for writ of
mandamus. For the reasons expressed herein, we deny Relatorâs petition.
Â Â Â Â Â Â Â Â Â Â According to exhibits accompanying Relatorâs petition, he executed an application
for a writ of habeas corpus on May 12, 2008, which was filed by the District Clerk of
Wilbarger County on May 19, 2008. The crux of his complaints are that at the time he
committed the offense for which he was convicted and sentenced to eleven years
confinement, he was entitled to mandatory supervision. He also complains that his
sentence, which included twenty-two days back time, was improperly calculated as it did
not include credit for âstreet time.â
Â Â Â Â Â Â Â Â Â Â Given Judge Neelyâs passing more than a year ago, we find that Relatorâs petition
for writ of mandamus against him is rendered moot. As no allegations are made against
Quarterman, we likewise render Relatorâs petition moot in that respect.
Â Â Â Â Â Â Â Â Â Â We acknowledge that Rule 7.1(a)(1) of the Texas Rules of Appellate Procedure
provides that upon the death of a party in a civil case the appeal may proceed as if all
parties are alive. However, the rule applies to cases in which a trial court has rendered
judgment and there has been no final disposition of an appeal. This is an original
proceeding without a trial court having rendered judgment. We decline to apply
subparagraph (a)(1). Additionally, Rule 7.1(b) provides for substitution of a party but only
for reasons other than death. Thus, it does not apply either.
Â Â Â Â Â Â Â Â Â Â We further acknowledge that, when a public officer is a party in an official capacity, 
Rule 7.2 of the Texas Rules of Appellate Procedure provides for the automatic substitution
of that officerâs successor when the named party ceases to hold office before the original
proceeding is finally disposed. Likewise, we acknowledge that in cases involving an
original proceeding under Rule 52, Rule 7.2(b) mandates that this Court abate the
proceeding to allow the successor to reconsider the original partyâs decision. (Emphasis
added). Given the fact that Judge Neely never considered Relatorâs petition in the first
place, we also find Rule 7.2(b) to be inapposite.
Â Â Â Â Â Â Â Â Â Â When a petition for writ of mandamus is filed, the relator has the burden to show
entitlement to the relief sought. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917
(Tex. 1985) (orig proceeding). A relator must satisfy three requirements to show
entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3)
a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). A court is not
required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20,
49 (Tex.App.âHouston [1st Dist.] 1994, writ denied). Showing that a motion was filed with
the clerk does not constitute proof that the motion was presented or brought to the trial
courtâs attention with a request for a ruling. In re Chavez, 62 S.W.3d 225, 228
(Tex.App.âAmarillo 2001, orig. proceeding).
Â Â Â Â Â Â Â Â Â Â Assuming a motion is properly pending before a trial court, the act of considering
and ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158
(Tex. 1992). However, the trial court has a reasonable time within which to perform that
ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.âSan
Antonio 1997, orig. proceeding). 
Â Â Â Â Â Â Â Â Â Â Relatorâs application for a writ of habeas corpus was filed on May 19, 2008. 
Assuming, arguendo, that Relatorâs application was presented or brought to the attention
of the Honorable Dan Mike Byrd, current judge of the 46th District Court of Wilbarger
County, we conclude that a reasonable period of time in which to rule on the application
has not passed. The limited record before us does not show entitlement to the relief
Relator seeks.
Â Â Â Â Â Â Â Â Â Â Consequently, Relatorâs petition for writ of mandamus is denied.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice




1" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









   NO. 07-10-0338-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN THE COURT OF
APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE SEVENTH DISTRICT OF
TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
B

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  OCTOBER
19, 2010

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  GARY DEAN
POSEY,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF
TEXAS, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â 

________________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 108th DISTRICT COURT OF POTTER
COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO. 61,421-E; HON. DOUG WOODBURN,
PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ON ABATEMENT AND
REMAND

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

Appellant appeals from his conviction for possession of a
controlled substance.Â  Neither the
clerkÂs record nor the reporterÂs record has been filed.Â  Furthermore, a request has been made by the
district clerk to extend the deadline by which the appellate record must be
filed.Â  Through the request, we are told
that appellant has not paid or made arrangements to pay for the appellate
record and that no attorney has been appointed to represent him on appeal.








Accordingly, we
abate this appeal and remand the cause to the 108th District Court of Potter
County (trial court) for further proceedings.Â 
Upon remand, the trial court shall determine, by reasonable evidentiary
procedure it selects, the following:

1.Â  whether appellant desires to prosecute the
appeal; 

Â Â Â  Â Â Â Â  2.Â 
whether appellant is indigent; and, if so,

3.Â  whether
the appellant is entitled to a free appellate record and the appointment of an
attorney due to his indigency. 

Â 

The trial court
is also directed to enter such orders necessary to address the aforementioned
questions.Â  So too shall it include its
findings on those matters (including the name, address, and phone number of any
attorney it may appoint to represent appellant in this appeal) in a
supplemental record and cause that record to be filed with this court by
November 18, 2010.Â  Should further time
be needed to perform these tasks, then same must be requested before November
18, 2010.Â  In the meantime, all other
appellate deadlines are stayed until further order of this court.

It is so
ordered.

Per Curiam

Do not publish.