

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00184-CR

IN RE:  THOMAS LAUGHNER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Thomas Laughner, proceeding pro se, has filed a petition for writ of mandamus asking this Court to direct the Honorable 202nd Judicial District Court of Bowie County to rule on his motion seeking reassignment of counsel. We deny the petition.

In his petition for writ of mandamus, Laughner complains that the trial court has failed to take any action with respect to his motion, which Laughner states was filed on August 1, 2014. Laughner alleges the trial court has abused its discretion in choosing to ignore his complaint and, therefore, requests this Court to order the Honorable Leon Pesek, Jr., to address his complaint.

Mandamus is an extraordinary remedy and will issue "only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law." *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (per curiam) (orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). To be entitled to mandamus relief, a relator must show both that he has no adequate remedy at law to redress the alleged harm and that he seeks to compel a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

In proper cases, "mandamus may issue to compel the trial court to act." *Blakeney*, 254 S.W.3d at 661; *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (per curiam) (orig. proceeding) (trial court abuses discretion by refusing to conduct hearing and

2

render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate remedy to require trial court to hold hearing and exercise discretion).

In spite of his petition that this Court order the trial court to rule on his motion, Laughner has failed to provide this Court with any record in support of his petition. The procedural rules require that Laughner file a mandamus record containing a certified or sworn copy of every document that is material to his claim for relief. *See* TEX. R. APP. P. 52.7(a)(1). Laughner's petition is not accompanied by a certified or sworn copy of the motion filed in the trial court. Likewise, Laughner's petition fails to show that his motion was called to the attention of the trial court. "The trial court is not required to consider a motion unless it is called to the court's attention." *Blakeney*, 254 S.W.3d at 662. Laughner's petition does not include an appendix or any other attempt to provide a record for our review. Without some record of this type, we are unable to grant the extraordinary relief Laughner has requested.

For the reasons stated, we deny Laughner's petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted:     October 21, 2014
Date Decided:       October 22, 2014

Do Not Publish

3