

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00070-CR

_____

IN RE:  MILTON EDWARD GRIGGS

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Milton Edward Griggs, proceeding pro se, has filed a document seeking an emergency furlough from confinement in the Hunt County Jail, where he is currently serving a 300-day sentence for failure to identify while being a fugitive from justice. We interpret this document as a petition for a writ of mandamus.

In his petition, Griggs claims he filed a request for emergency furlough together with a request for hearing in the trial court on May 4 and May 5, 2015, respectively. Griggs explains that the emergency furlough request was precipitated by his wife's illness with cancer and pneumonia and her recent hospitalization on May 1, 2015, at Baylor University Medical Center in Dallas. Griggs states that the trial court has failed to act on his request for emergency furlough, and he asks this Court to order the trial court to immediately address his request.

Mandamus is an extraordinary remedy and will issue only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding) (per curiam); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). To be entitled to mandamus relief, a relator must show both that he has no adequate remedy at law to redress the alleged harm and that he seeks to compel a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

"In proper cases, mandamus may issue to compel the trial court to act." *Blakeney*, 254 S.W.3d at 661; *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (per curiam) (trial court abuses discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (finding mandamus to be appropriate vehicle for requiring trial court to hold hearing and exercise discretion).

In spite of his petition asking this Court to order the trial court to rule on his request for emergency furlough, Griggs has failed to provide this Court with any record in support of his petition. The procedural rules require Griggs to file a mandamus record containing a certified or sworn copy of every document that is material to his claim for relief. *See* TEX. R. APP. P. 52.7(a)(1). Griggs' petition is not accompanied by a certified or sworn copy of the motion filed in the trial court. Likewise, Griggs' petition fails to show that his motion was called to the attention of the trial court. The trial court is not required to consider a motion unless it is called to the court's attention. *Blakeney*, 254 S.W.3d at 662. Griggs' petition does not include an appendix or any other attempt to provide a record for our review. Without some record of this type, we are unable to grant the extraordinary relief Griggs has requested.

For the reasons stated, we deny Griggs' petition for writ of mandamus.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:     May 21, 2015
Date Decided:       May 22, 2015

Do Not Publish