76,998-03

Paul R. Desilets
T.D.C.J.# 1581093
7405 Hwy 75 S.
Huntsville Texas 77344
Goree Unit
May 27th, 2015

Louise Pearson, Clerk
Texas Court Of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin Texas 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 03 2015

Abel Acosta, Clerk

Dear Louise Pearson.

Please find enclosed Realtor's Motion To File Application For Writ Of Mandamus. Could you please file this with the Honorable Court Of Criminal Appeals, and bring it to their attention. Could you also time stamp and return to above offender.(motion for leave to file is also included)

Thank You for your assistance in this matter.

Respectfully Submitted

Paul R. Desilets

CAUSE NO. 

IN RE: PAUL R. DESILETS, ID# 1581093 §      IN THE COURT OF

        Realtor                               §

                                         §

VS.                                         §      CRIMINAL APPEALS

                                         §

                                         §

KATHLEEN HAMILTON                    §

MONTGOMERY COUNTY JUDGE 359th. J.D.C. §     AUSTIN TEXAS

        Respondent                     §

### REALTOR'S MOTION FOR LEAVE TO FILE ORIGINAL APPLICATION
### FOR WRIT OF MANDAMUS IN FORMA PAUPERIS

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

**COMES NOW,** Paul R. Desilets, Realtor, Pro-Se pursuant to Article 72.1 of the Texas Code of Criminal Procedure and Article 4.04 § 1, and 11.07 § 3(d), of the Texas Code of Criminal Procedure, and asks this Honorable Court's permission for leave to file an "Original Application For Writ Of Mandamus Informa Pauperis," under trial Court habeas Cause No. 08-12-11262-CR-I, II. Realtors declaration of inability to pay cost is attached as Exhibit 1, In support thereof Realtor would show the following.

I.

### HABEAS TRIAL COURT'S REFUSAL TO PERFORM IT'S MINISTRIAL DUTY

On October 6, 2014, Realtor filed an Application of Habeas Corpus in the trial Court No. 08-12-11262, along with a Memorandum in support of the 11.07, an Appendix of exhibits with a perponderance of evidence, a Motion asking to Proceed As A Veteran, a Motion For Discovery, and A Motion For A Hearing By Conference Call all in the above cause.

On October 27, 2014, State filed their answer to Application for 11.07, along with the State's Finding of Facts and Conclusion of Law, asking for dismissal.

On November 6, 2014, Judge Hamilton signed an Order denying relief in the 359th Court and dismissed the 11.07, for failure to comply with Rule 73.1 of the Rule of Appellate Procedure.

1.

On November 20, 2014, the State filed it's Motion to Vacate it's Finding of Facts and Conclusion of Law and Designation Of Issues. Stating that Applicant has Amended and Corrected his Application for 11.07, and the State no longer recomends dismissal. It was signed November 26, 2014, by Judge Hamilton. In the State's Designation of Issues  the State concluded "having considered Application for writ of habeas corpus and the Court's file for the above captioned case, the Court finds that the following issues of fact should be resolved.
1. Was the Applicant denied effective assistance of counsel? The Court further Ordered trial attorney John Choate, to provide an affidavit within 30 days of the Order answering 9 questions. This was also signed by Judge Hamilton on November 26, 2014.

On November 24, 2014, Realtor filed his Objection to the State's Finding of Facts and non-ruling of Motions presented with the 11.07 application, and his Motion for Appointment of Counsel, along with a Motion of leave to exceed the limits of 15,000 words respectively.

On December 8, 2014, Realtor filed his second Objection of State's proposed Designation of issues and the Court's non-ruling of Motions in his habeas proceeding.

On December 26, 2014, Ineffective Assistance of Counsel filed his Affidavit titled Affidavit of John E. Choate, Jr. attempting to answer the 9 questions put forth by the 359th Court.

On January 15, 2015, time stamped January 21, 2015, Realtor filed his Objection to the Affidavit of John E. Choate, Jr. Objecting to the half answered and mostly disillusion responses.

Consequently the trial Court has REFUSED to rule upon any motion's put forth by Realtor, and in fact has exhausted it's six month deadline for addressing all designated issues  in this habeas corpus in accordance with the Rules of Appellate Procedure, or perform any other fact finding necessary to adjudicate Realtor's valid Habeas claims. realtor has exhausted his remedies and has no other adequate remedy at law.

Because the acts suoght to be compelled are ministrial, not discretionary in nature, Realtor asks this Honorable Court's permission to GRANT his, "Motion For Leave To File Original Application For Writ Of Mandamus."

## II.

### UNDERLYING HABEAS ISSUES

It can be shown that the order designating issues entered by the trial Court and the order for affidavit, were ordered to resolve valid habeas claims. Realtor recieved the ordered affidavits and provided the proper response. Failure of the Court to further the habeas proceeding with a final Finding of Facts and Conclusion of Law and to grant relief or forward to the Court of Criminal Appeals, will prevent Realtor from having his claims adjudicated based on an accurate record compelled in a fair manner, and consistant with the demands of Due Process. This will allow Realtor to show cause and prejudice in subsuquent federal writ litigations. These underlying habeas claims, when substantiated, will entitle Realtor to relief.

## III.

### CONCLUSION AND PRAYER

As stated above, Realtor has put the Court on notice of enforcing its ruling on motions for submission, and has gone beyond the requirements of Article 11.07, to date, Realtor has recieved no response regarding any of his pleadings or correspondence to the Court.

WHEREFORE, PREMISES CONSIDERED, Realtor, paul R. Desilets, Pro-Se, Prays that this Honorable Court GRANT hsi Motion For Leave To File Original Application For Writ Of mandamus, and issue process to compel the habeas trial Court to perform this ministerial duties.

Executed on this 27th day of May, 2015.

Respectfully Submitted

Paul R. Desilets-Realtor

### SWORN DECLARATION

I, Paul R. Desilets, being presently incarcerated in the Goree Unit of the T.D.C.J. in Walker County, Texas, under penalty of purjury, do hereby affirm that the facts put forth above are true and correct.

Executed on the 27th day of May, 2015.

Respectfully Submitted

Paul R. Desilets-Realtor

```
IB02/CINIB02       TEXAS DEPARTMENT OF CRIMINAL JUSTICE           05/29/15
/HFU6944                 IN-FORMA-PAUPERIS DATA                    10:29:30
J#: 01581093 SID#: 07443240 LOCATION: GOREE        INDIGENT DTE: 03/27/13
NAME: DESILETS,PAUL RAY                    BEGINNING PERIOD: 11/01/14
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:        0.00 TOT HOLD AMT:        0.00 3MTH TOT DEP:       0.00
6MTH DEP:          0.00 6MTH AVG BAL:         0.00 6MTH AVG DEP:       0.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
04/15        0.00         0.00         01/15        0.00         0.00
03/15        0.00         0.00         12/14        0.00         0.00
02/15        0.00         0.00         11/14        0.00         0.00
PROCESS DATE   HOLD AMOUNT     HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF Walker
ON THIS THE 29th DAY OF May , 2015 I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: 1581093 OR SID NUMBER: _____

HENLEY W. FUTRELL III
Notary Public
STATE OF TEXAS
Commission Exp. MAY 30, 2018
Notary without Bond

**EXHIBIT 1**

## DECLARATION OF INABILITY TO PAY COST

(The following Declaration is made pursuant to the Texas Rules of Civil Procedure and Title 6, Chapter 132 of the Texas Civil Practices and Remedies Code.)

Now respectfully comes __Paul R. Desilets__, TDCJ # __1581093__, and declares that I am unable to pay the court costs in this civil action and requests leave of the Court to proceed in forma pauperis in this accompanying civil action and would show the Court the following:

(1) I am presently incarcerated in the __Goree Unit__ Unit of the Texas Department of Criminal Justice where I am not permitted to earn or handle money.

(2) I have no source of income or spousal income.

(3) I currently have $ __00.00__ credited to me in the Inmate Trust Fund.

(4) During my incarceration in the Texas Department of Criminal Justice I have received approximately $ __00.00__ per month as gifts from relatives and friends.

(5) I neither own nor have an interest in any realty, stocks, bonds, or bank accounts and I receive no interest or dividend income from any source.

(6) I have __1__ dependents.

(7) I have total debts of approximately $ __1000.00__.

(8) I owe $ __20,000__ as restitution.

(9) My monthly expenses are approximately $ __00.00__.

I, __Paul R. Desilets__, TDCJ # __1581093__, being presently incarcerated in the __Goree Unit__ Unit of the Texas Department of Criminal Justice in __Walker__ County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct. Executed on this the __27th__ day of __May__, 20 __15__.

Name

TDCJ # __1581093__

CAUSE NO.

| | | |
|---|---|---|
| IN RE: PAUL R. DESILETS | § | IN THE COURT OF |
| Realtor | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL APPEALS |
| | § | |
| | § | |
| KATHLEEN HAMILTON | § | |
| MONTGOMERY COUNTY JUDGE 359th. J.D.C. | § | AUSTIN TEXAS |
| Respondent | § | |

## REALTOR'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

**COMES NOW,** Paul R. Desilets, Realtor, Pro Se, in the above styled and numbered cause of action and files this Original Application For Writ Of Mandamus, pursuant to Articles 11.07 § 3(d) and 4.04 § 1, of the Texas Code of Criminal Procedure, and would show the following.

## I.   REALTOR

Paul R. Desilets, T.D.C.J.# 1581093, is an inmate incarcerated in the Texas Department of Criminal Justice's Goree Unit, and is appearing Pro Se, who can be located at 7405 Hwy, 75 S., Huntsville Texas 77344. On October 6, 2014, Realtor filed his Original Application for a Writ of Habeas Corpus in the 359th Judicial District of Montgomery County. The application was assigned Habeas trial Court cause No. 08-12-11262-CR.

## II. RESPONDENT

Respondent, the Honorable Kathleen Hamilton, in her capacity as Judge of the 359th Judicial Court, Montgomery County, Texas has a ministerial duty to make a "findings of fact" as set forth by T.C.C.P. Article 11.07 § 3(d), enforce any orders issued as set forth by T.C.C.P. Article 11.54, and rule upon properly

1.

filed Motions taken under advisement. The Honorable Kathleen Hamilton, in the 359th Judicial District Court, Montgomery County, Texas may be served at her place of buisness at 301 N. Main St. Conroe Texas 77305.

### III. T.C.C.P. STATUTORY REQUIREMENTS

The portions of T.C.C.P. applicable to this application, state:

If the convicting Court decides that there are controverted, previously unresolved facts which are material to the legality of the Applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the Court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as personal recollection...after the convicting Court makes findings of facts or approves the findings of the person designated to make them, the clerk of the convicting Court shall immediately transmit to the Court of Criminal Appeals, under one cover, [the writ record].

### T.C.C.P. ARTICLE 11.07 § 3(d)(emphasis added)

The Court of Judge granting a writ of habeas corpus may grant necessary orders to bring before her the testimony taken before the examining Court, and may issue process to enforce the attendence of witnesses.

### T.C.C.P. ARTICLE 11.54 (emphasis added)

The Court of Criminal Appeals and each Judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of Mandamus....

### T.C.C.P. ARTICLE 4.04 § 1.

### IV. RESPONDENT HAMILTONS'S IN VIOLATION OF T.C.C.P. ART. 11.07

Respondent Hamilton is in violation of article 11.07 §3(d) of the Texas Code of Criminal Procedure by failing to enforce the Court's 6 month deadline of March 6,2015, and by failing to make a "finding of facts" to be transmitted to the Honorable Court of Criminal Appeals.

As is clear from Realtor's objections, he has repeatedly put Respondent Hamilton on notice that he seeks the enforcement of the Court's December 26th, 2015, order of affidavit of John E. Choate, Jr. and Realtor's objection to said affidavit filed on January 15,2015, time stamped January 21, 2015, and a "finding of facts" to be transmitted to the Court of Criminal Appeals.

Realtor has exhausted his remedies and has no other remedy of law. The acts sought to be compelled are ministerial, not discretionary in nature. see Lanford V. Fourteenth Court of Appeals, 847 S.W.2d 581, 586(Tes.Crim.App.1993).

2.

As this Court noted in McRee V. Hampton, 824 S.W.2d 578, the Legislature has been"very restrictive in its directions to the trial Courts of this State" in order to ensure an expeditious adjudication of habeas claims.

## V.     RESPONDENT HAMILTON'S REFUSAL TO RULE ON PENDING MOTIONS

Respondent Hamilton has refused to perform her ministerial duty to consider and rule upon Realtor's pleadings within a reasonable period of time.

Realtor properly filed a " Motion for Discovery" on October 6, 2014, a"Motion Asking to Proceed as a Veteran" on October 6, 2014, a "Motion for Hearing by Conference Call" on October 6, 2014. Each Motion was attached to a cover letter requesting that they be set for submission. Also On December 1, 2014, Realtor filed an Objection along with a "Motion Requesting Appointment of Counsel" and a "Motion of Leave to Exceed the Perscribed Limit of 15,000 Words". Although each motion was filed with the Court on the above date's. Realtor has recieved no response or action from Respondent Hamilton regarding his properly filed motions.

As is clear from Realtor's filings of Objections he has reapeatedly put Respondent Hamilton on notice of her failure to rule on his pleadings in a reasonable period of time.

A trial Court is required to consider and rule upon a motion within a reasonable time. see Barnes V. State, 832 S.W.2d 424, 426(Tex.App.-Houst.[1st.Dist.] 1992, orig. proc.) see also Kissam V. Williamson, 545 S.W.2d 265, 266-67(Tex.Civ. App.-Tyler 1976 orig. proc.)(mandamus will issue where a trial judge refuses to act within a reasonable time.) "When a motion is properly filed and pending before a trial Court, the act of giving consideration to and ruling upon that motion is a ministerial act", and mandamus may issue to compel the trial Judge to act. O'Donneley V. Golden, 860 S.W.2d 267, 267-70(Tex.App-Tyler 1993 orig. proc.); see also Eli Lilly and Co. V. Marshall, 829 S.W.2d 157,158 (Tex.1992)(trial Court abuses its discretion by refusing to conduct hearing and render decision on motion); Chiles V. Schuble, 788 S.W.2d 205, 207(Tex.App.-Houst.[14th Dist.] 1990 orig. proc.) (mandamus is appropriate to require trial Judge to hold hearing and exercise discretion).

Here, Respondent Hamilton's refusal to perform her ministerial duty in a reasonable period of time is clearly an attempt to delay the resolution of Realtor's valid habeas claims that, when substantiated, will entitle Realtor to relief. Realtor requests that this Honorable Court issue an order compelling the habeas trial Court to rule upon his properly filed motions.

## VI.   CONCLUSION AND PRAYER

As stated above, it is necessary that the Court enforce its deadline of 6 months to complete its habeas process so that Realtor's habeas claims can be properly adjudicated on their merits. Additionally, Realtor cannot fully substantiate his habeas claims without the discovery requested in his "Motion for Discovery". Respondent Hamilton's failure to adhere to the applicable statutes and perform her ministerial dities, undermines the entire judicial process. Failure of this Court to grant Realtor's Writ of mandamus will allow him to show cause and prejudice in subsequent federal writ litigation.

WHEREFORE, PREMISES CONSIDERED, Realtor prays that this Honorable Court of Criminal Appeals instruct Respondent Hamilton to comply with her ministerial duties.

## CERTIFICATE OF SERVICE AND MAILING

I, Paul R. Desilets, being presently incarcerated in the T.D.C.J.-Goree Unit, Walker County, Texas and under penalty of purjury, do hereby affirm that I have delivered a copy of this foregoing "Realtor's Motion For Leave To File Original Application For Writ Of Mandamus in Forma Paperis" to the prison mailroom officials first-class postage prepaid, for mailing to:

Louise Pearson, Clerk  
Texas Court of Criminal Appeals  
P.O. Box 12308  
Capitol Station  
Austin Texas 78711-2308

Honorable Kathleen Hamilton, Judge  
359th Judicial District Court of  
Montgomery County, Texas  
301 N. Main Street  
Conroe Texas 77305

Executed on this the 27th  day of May, 2015

Respectfully Submitted  
Paul R. Desilets-Affiant

4.