# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00537-CV

In re Edward S. Hodges III

ORIGINAL PROCEEDING FROM TRAVIS COUNTY

# M E M O R A N D U M   O P I N I O N

Relator Edward S. Hodges III filed a petition for writ of mandamus asking this Court to compel the respondent district-court judge to rule on a pending petition requesting expunction of criminal records. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. In response, real party in interest the State of Texas informed the Court that it does not oppose the Court's conditionally granting relief on the petition. We will conditionally grant mandamus relief because the trial court is required to consider and rule on a properly filed and pending motion within a reasonable time.

A writ of mandamus will issue to compel the performance of a ministerial act or duty. *See In re Phillips*, 496 S.W.3d 769, 774 (Tex. 2016) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). An act is ministerial when the law clearly spells out the duty to be performed by a public official with sufficient certainty that nothing is left to the exercise of discretion. *In re Phillips*, 496 S.W.3d at 774. "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.

proceeding) (per curiam); *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam) (holding trial court abused its discretion by refusing to conduct hearing and render decision on motion's merits). A trial court is required to consider and rule on a properly filed and pending motion within a reasonable time, and mandamus may issue to compel the trial court to act. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). While this Court lacks the power to compel the trial court to make a particular decision, we are empowered to order the trial court to exercise its discretion by making a decision. *See Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 105 (Tex. 1962) (orig. proceeding); *In re Blakeney*, 254 S.W.3d at 661.

In this case, the trial court heard the petition for expunction on November 15, 2017. Hodges is entitled to have a ruling on his petition for expunction. Therefore, we conditionally grant Hodges's petition for writ of mandamus. The writ shall issue only upon certification to this Court that the trial court has failed to rule on the petition for expunction by December 17, 2018.

_____
Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Toth

Filed: November 15, 2018

2