**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00217-CV**

_____

**IN RE ETHAN TODD STEWART**

---

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 19-06-08032**

---

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Ethan Todd Stewart seeks to compel the trial court to rule on his challenge to the constitutionality of Chapter 841 of the Texas Health and Safety Code.[1] Generally, trial courts have a ministerial duty to consider and rule on matters before them within a reasonable time.[2] But here, Stewart never served the petition he filed on the defendant, so the trial court had no duty to consider his claims challenging the validity of the statute he wanted the court to overturn.

---

[1] *See generally* Tex. Health & Safety Code Ann. §§ 841.001-.153 (West & Supp. 2019).

[2] *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (mandamus conditionally granted to compel trial court to conduct a hearing).

1

The documents Stewart filed with the petition for mandamus fail to show that he either requested or obtained service on the State of Texas, the defendant that he sued.[3] Without service of process, the trial court had no ministerial duty to consider the claims Stewart is complaining about on appeal, the alleged unconstitutionality of the statute that governs sexually violent predators.[4] For that reason, the trial court did not abuse its discretion by failing to conduct a hearing on Stewart's claims. Because Stewart's petition for mandamus lacks merit, it is denied.

PETITION DENIED.

PER CURIAM

Submitted on October 7, 2020
Opinion Delivered October 8, 2020

Before Kreger, Horton and Johnson, JJ.

---

[3] *See* Tex. R. Civ. P. 99, 106.

[4] *See In re Wigley*, No. 14-19-00749-CV, 2019 WL 5078650, at *2 (Tex. App.—Houston [14th Dist.] Oct. 10, 2019, orig. proceeding) (mem. op.) (Denying mandamus relief where the relator failed to show that he strictly complied with the rules governing citation.).