**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed February 1, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00697-CV

---

## IN RE GERALD HOFFMAN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-46142**

---

## MEMORANDUM OPINION

On December 3, 2021, relator Gerald Hoffman filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Ursula A. Hall, presiding judge of the 165th District Court of Harris County, to rule on Baker Hughes Company's pending motion to compel arbitration. Baker Hughes, the real party in interest, filed a response and agrees that mandamus is appropriate.

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court abused its discretion and relator does not have an adequate remedy by appeal. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding); *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding). When a motion is properly pending before a trial court, the act of considering and ruling on it is ministerial, and mandamus may issue to compel the trial court to act. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam); *see also In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). To establish that the trial court abused its discretion by failing to rule, "[a] relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time." *Henry*, 525 S.W.3d at 382.

In this case, the record reflects that Baker Hughes filed its motion to compel arbitration on August 31, 2020, and set it for submission on September 14, 2020. The record further reflects that the parties informed the trial court that the motion was still pending on multiple occasions. The motion has remained pending without a ruling for almost sixteen months. While there is no precise test to determine whether the amount of time it takes a trial court to rule is reasonable, the trial court's delay in ruling in this case is unreasonable. *See In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00201-CV, 2019 WL 3418567, at *2 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) ("A delay of more than 12 months on a ruling on a plea to the jurisdiction is an abuse of discretion."). The trial court's failure to rule has prevented the entire case from

2

proceeding. As such, the trial court has abused its discretion in refusing to rule on Baker Hughes' motion to compel arbitration. Moreover, there is no adequate remedy at law. We have taken judicial notice that our court and the First Court of Appeals have repeatedly been petitioned for mandamus relief against the Honorable Ursula A. Hall for failure to rule. *In re Robbins*, 622 S.W.3d 600, 601–02 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding) (citing cases).

Accordingly, without addressing the merits of the pending motion, we conditionally grant the petition for a writ of mandamus and direct the trial court to rule on Baker Hughes' motion to compel arbitration within thirty days of the date of this memorandum opinion. We are confident the trial judge will act in accordance with this opinion and the writ will issue only if the court fails to do so.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.