**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed June 27, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00166-CV

---

### IN RE EDDIE WAYNE JEFFREY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 514461**

---

## MEMORANDUM OPINION

On March 6, 2024, relator Eddie Wayne Jeffrey filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Pamela Medina, presiding judge of the Probate Court No. 2 of Harris County, to rule on his motion for an appointment of an attorney ad litem filed on October 18, 2023. We

requested a response to the petition from the real party in interest by May 3, 2024; however, no response has been filed.

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court abused its discretion and relator does not have an adequate remedy by appeal. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding); *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding). When a motion is properly pending before a trial court, the act of considering and ruling on it is ministerial, and the appellate court can order a writ of mandamus to be issued to compel the trial court to act. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam). To establish that the trial court abused its discretion by failing to rule, a relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding).

In this case, the mandamus record reflects that relator filed a motion for an appointment of an attorney ad litem on October 18, 2023. On February 20, 2024, relator sent a letter to the trial court requesting his motion be set for hearing. According to relator, the trial court has not set the matter for hearing and has not ruled on his motion. While there is no precise test to determine whether the amount of time it takes a trial court to rule is reasonable, the trial court's delay in ruling in this case is unreasonable. *See In re Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01 19 00201 CV, 2019 WL 3418567, at *2 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.). As such, the trial court has

abused its discretion in not ruling on relator's motion.  Moreover, there is no adequate remedy at law.

Accordingly, without addressing the merits of the pending motion, we conditionally grant the petition for a writ of mandamus and direct the trial court to rule on relator's motion for an appointment of an attorney ad litem within thirty days of the date of this memorandum opinion.  We are confident the trial judge will act in accordance with this memorandum opinion and the writ will issue only if the trial court fails to do so.

PER CURIAM

Panel consists of Justices Hassan, Poissant, and Wilson.