

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00421-CV

_____

IN RE CHRISTOPHER C. BRANTLEY, RELATOR

Original Proceeding
Arising From Proceedings Before the 140th District Court
Lubbock County, Texas
Trial Court No. 2013-437,916; Honorable Jim Bob Darnell, Presiding

February 13, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator, Christopher C. Brantley, proceeding *pro se* and *in forma pauperis*, filed a letter which this court construes as a request for mandamus relief by which he seeks to compel the Honorable Jim Bob Darnell to rule on a pending motion. For the reasons expressed herein, we deny Relator's request.

BACKGROUND

According to his filing, Relator mailed a "motion for Courts of Inquiry" to the 140th District Court in Lubbock on July 26, 2018. *See* TEX. CODE CRIM. PROC. ANN. art. 52.01 (West 2018).[1] Per the motion, Relator requests that Judge Darnell review allegations filed against Relator. He also requests that Judge Darnell review Grand Jury minutes; however, Relator's letter is unaccompanied by any supporting documentation.

MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal

---

[1] Article 52.01(a), entitled "Courts of Inquiry Conducted by District Judges," provides that when a district court judge acts as a magistrate and determines there is probable cause that an offense has been committed, the judge may request that the presiding judge of the administrative judicial district appoint a district judge to commence a Court of Inquiry.

duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

ANALYSIS

Initially, we address Relator's failure to comply with all but one of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3(a)–(h), (j), (k). Relator did include a prayer for relief in his letter. *Id.* at (i). Relator failed to include a certified or sworn copy of the complained-of motion as required by Rule 52.3(k)(1)(A). A party proceeding *pro se* is not exempt from complying with rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Moreover, when a motion is properly pending before a trial court, the act of considering and ruling upon the motion is generally a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). Furthermore, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426, (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Other influential factors include the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. *See also In re Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig.

3

proceeding). Because Relator has not provided this court with any documentation to support his request for mandamus relief, that request is denied.

CONCLUSION

Relator's petition for writ of mandamus is denied.

Per Curiam