

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00363-CV

_____

**IN RE STEPHEN PATRICK BLACK, RELATOR**

Original Proceeding
Arising From Proceedings Before the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20282-19; Honorable Felix Klein, Presiding

February 12, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator, Stephen Patrick Black, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus against the Honorable Felix Klein to compel him to rule on his *Motion Requesting Alternative Service of Process*.[1]  By a sole issue, he contends the trial court has abused its discretion by failing to rule on his motion in a timely manner and in failing

---

[1] This court requested that Respondent, the Honorable Felix Klein, file a response to the petition for writ of mandamus on or before February 8, 2021.  However, none was filed.

to provide timely notification of the status of his case.  For the reasons explained herein, we deny Relator's request.

### BACKGROUND

In 2018, Relator sued Dara Brown, a clinical therapist, for libel and defamation.  At the time of the alleged defamation, Brown was employed by the Texas Civil Commitment Center through which Relator is receiving sex offender treatment.  Brown developed Relator's Individual Care Plan.

According to the limited mandamus record and exhibits before us, Relator wrote to Brown's counsel on August 21, 2019, with an offer of settlement.  Brown's counsel responded by letter a few days later and advised Relator that his suit had been dismissed with prejudice on February 11, 2019.  Because Relator did not receive timely notice of the dismissal, he filed a *Bill of Review* in the trial court on December 17, 2019, and requested service of process on Brown.  The pleading reflected Brown's address for service of process as Hardin Simmons University in Abilene, "or wherever [Brown] can be found." The *Service Return,* dated December 27, 2019, reflected that Brown no longer worked at Hardin Simmons University and "no other local addresses could be located."

According to Relator, he learned of a new address for Brown in Burkeville, Virginia, and provided that address to the Sheriff's Department in a subsequent *Motion Requesting Service of Process.*  The limited record before us contains a copy of a letter dated March 20, 2020, to the Lamb County District Clerk asking that the *Motion Requesting Service of Process* be filed; however, the copy of the letter is file-stamped months later on October 13, 2020.

On June 16, 2020, Relator wrote the trial court clerk requesting information regarding the status of service on Brown. That letter is file-stamped June 26, 2020. In a subsequent letter to the clerk dated September 24, 2020, and file-stamped October 13, 2020, Relator references a telephone conversation with the clerk in which she advised him to file a *Motion Requesting Alternative Service of Process.* The record contains the motion which is also file-stamped on October 13, 2020.

Relator posits that something happened to the original motion for service of process filed on March 20, 2020, and "the court needed another copy to rule on." He asserts the trial court clerk "stated 'it could be there [sic] fault'" and further investigation was needed. However, Exhibit E to Relator's petition, a copy of an undated letter from the Lamb County District Clerk, does not admit fault; rather, she wrote "I am still looking into this matter we had discussed on the phone the past week." Without a date or a more specific reference on the "matter," it is unclear to what she was referring.

Now, over a year after Relator began attempting to serve Brown with his defamation suit, he is pursuing a writ of mandamus to have the trial court rule on his *Motion for Alternative Service of Process*.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of

3

proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

### ANALYSIS

Relator asserts the trial court has abused its discretion in failing to rule on his pending motion. We disagree.

When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a *reasonable time* within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex.

4

App.—Amarillo 2001, orig. proceeding).  No bright line demarcates the boundaries of a reasonable time period.  *Id.* at 135.

A trial court has inherent power to control its own docket.  *Ex parte Bates*, 65 S.W.3d at 135 (citing *Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 694 (Tex. App.—Amarillo 1998, pet. denied)).  Therefore, a reasonable period of time is a matter to be determined based on myriad factors such as the trial court's knowledge of the matter, its overt refusal to act, the state of its docket, and the existence of other judicial and administrative matters which must be prioritized.  *Ex parte Bates*, 65 S.W.3d at 135; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Unfortunately for Relator, the motion he presumably filed in March 2020 does not reflect a file-stamp.  Therefore, his contention that he has been awaiting a ruling for almost a year is not supported by the limited record.  What the record does show is that the motion he complains about was filed on October 13, 2020.  Yet, on December 21, 2020, just two months later, he filed this petition for writ of mandamus.  To date, the file-stamped motion has been on file for approximately four months.[2]  Furthermore, the mere filing of a motion does not bring it to the attention of the trial court.  A party seeking a ruling on a motion must see to it that the motion is *presented* to the trial court with the expectation that a ruling will be made.  This court has declined to hold that failure to rule on a motion within four months of being filed is not an unreasonable delay.  *See In re Hughes*, No. 07-03-0426-CV, 2003 Tex. App. LEXIS 8736, at *3 (Tex. App.—Amarillo Oct. 10, 2003, orig.

---

[2] We note that when a trial court becomes aware of a filing and a reasonable period of time has passed, the act of ruling on the matter is a ministerial act and mandamus is appropriate if the trial court has not performed its duty. *In re Llamas*, No. 07-19-00288-CV, 2019 Tex. App. LEXIS 10158, at *4 (Tex. App.—Amarillo Nov. 22, 2019, orig. proceeding).

proceeding). *But see In re Smith*, No. 07-13-00345-CR, 2013 Tex. App. LEXIS 15159, at *5 (Tex. App.—Amarillo Dec. 17, 2013, orig. proceeding).

Also, the record before us does not reflect the state of the trial court's docket or any other matters relevant to determining whether a reasonable period of time in which to rule has passed. Specifically, Relator has not demonstrated that an explicit request has been made on the trial court for a ruling on the motion.[3] Accordingly, Relator has not met his burden of establishing his entitlement to mandamus relief at this time. His sole issue is overruled.

### CONCLUSION

Relator's request for mandamus relief is denied.

Per Curiam

---

[3] This court does, however, consider this mandamus proceeding as bringing the motion and Relator's desire for a ruling to the attention of the trial court. If a ruling is not forthcoming within a reasonable period of time, this court will entertain a subsequent petition for writ of mandamus.