

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00145-CR

IN RE CHRISTOPHER BRANTLEY, RELATOR

ORIGINAL PROCEEDING

April 23, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator, Christopher Brantley, proceeding pro se, seeks a writ of mandamus to compel the Honorable William R. Eichman II, Judge of the 364th District Court of Lubbock County, Texas, to rule on a pending motion. For the reasons expressed herein, we deny mandamus relief.

**BACKGROUND**

Relator asserts he has a family violence case pending in the trial court. According to the limited documents filed in this Court, he filed a motion to dismiss for violations of his right to a speedy trial. His petition is accompanied by a copy of the motion which is

not certified or sworn to as required by Rule 52.3(k)(1)(A) of the Texas Rules of Appellate Procedure. Relator's petition is also deficient in most of the mandatory requirements of Rule 52.3. *See In re Smith*, No. 07-19-00402-CV, 2020 Tex. App. LEXIS 775, at *2 (Tex. App.—Amarillo Jan. 28, 2020, orig. proceeding) (denying petition for writ of mandamus for failure to comply with requirements of Rule 52).

## MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to

perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## ANALYSIS

When a motion is properly pending in the trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). The trial court has a reasonable time within which to rule on the motion. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding). What constitutes a reasonable period of time in which to rule depends on several factors, including the trial court's knowledge of the motion, its overt refusal to act, the state of the trial court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id*; *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

According to the Certificate of Service in the motion to dismiss, Relator sent a copy of the motion to the trial court's physical address on September 19, 2023. Although seven months have passed since the purported filing which could be construed as an unreasonable delay, Relator has not met his burden to show presentment of the motion or that the trial court was made aware of the motion. Merely alleging that a pleading was filed with or mailed to the district clerk does not satisfy the requirement of notice to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). A clerk's knowledge of a filing is not imputed to the trial court. *Id.* Also, Relator has not provided information regarding other influential factors relevant to whether he is entitled to mandamus relief. Based on the deficient petition, we cannot conclude

3

Relator has shown an abuse of discretion entitling him to a writ of mandamus to compel Judge Eichman to rule on a pending motion.

## CONCLUSION

Relator's petition for writ of mandamus is denied.

Alex Yarbrough
Justice

Do not publish.